PER CURIAM.
Affirmed. Appellant has failed to demonstrate fundamental error in his plea of no contest for trafficking in hydrocodone. He misplaces his reliance on Hayes v. State, 750 So.2d 1 (Fla. 1999). Here, the state charged appellant with trafficking in hy-drocodone because he had in his possession hydrocodone in an amount of 28 grams or more, but less than 30 kilograms contrary to sections 893.135(l)(c)l c and 893.03(2)(a)l j, Florida Statutes (1997). According to the arrest affidavit, “[e]ach Hydrocodone pill contained] .7 grams of Hydrocodone, a Schedule II Narcotic, for a total weight of 70 grams of Hydrocodone.” See §§ 893.03(2)(a)l j, 893.03(3)(c)3, Fla. Stat. (1997). Since each pill contained more than 15 milligrams of hydrocodone per dosage unit, the state correctly classified the substance as a Schedule II narcotic, aggregated the total amount in appellant’s possession, and charged him with trafficking in hydrocodone. See id.; Hayes, 750 So.2d at 2.
AFFIRMED.
DELL, POLEN, and GROSS, JJ. concur.